IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NEIL LOFQUIST, M04121, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-169- RJD |
| | ) | |
| HEATHER CECIL and DEE DEE BROOKHART, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies on Count II (Docs. 27 and 28). Plaintiff responded (Doc. 34). As explained further, Defendants' Motion is GRANTED.

BACKGROUND

Plaintiff, an inmate of the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. §1983 on February 13, 2020 (Doc. 1). In his original complaint, Plaintiff alleged, *inter alia*, that Defendant Cecil (the mailroom supervisor at Lawrence) forbid correspondence to inmates that contained labels (Doc. 1, p. 14). Before the Court reviewed Plaintiff's Complaint pursuant to 28 U.S.C. 1915A, Plaintiff filed a Motion for Leave to Amend the Complaint (Doc. 8). The Court granted Plaintiff leave to amend his complaint and conducted a threshold review of the amended complaint pursuant to §1915A, allowing Plaintiff to proceed on the following claims:

Count I:   First Amendment claim against both Defendants for depriving Plaintiff of incoming books/publications which were rejected

|  |  |
|---|---|
|  | based on the nature of their packing and/or mailing labels and/or the presence of a "foreign substance." |
| Count II: | First Amendment Claim against both Defendants for depriving him of incoming correspondence. |
| Count VIII: | First Amendment claim against Defendants for losing/failing to deliver his annuity checks from Pacific Life Insurance Co. and delaying his receipt of the annuity funds. |

(Docs. 10, 13). Pertinent to Count II, Plaintiff alleged that his uncle sent him a letter in January 2020 that was rejected by Defendants with no notice to Plaintiff because it contained labels (Doc. 12, p. 2-3). Similarly, the Downriver Genealogical Society sent Plaintiff a letter that was rejected by Defendants in January 2020 because it contained an address label (Doc. 12, p. 3).

Defendants contend that Plaintiff failed to exhaust his administrative remedies regarding Count II. Plaintiff submitted a grievance dated January 13, 2020, in which he described a letter that was addressed to him at Lawrence but returned to the sender because of the labels on the envelope (Doc. 29, p. 27). The warden denied the grievance on March 27, 2020 (*Id.*, p. 26). Plaintiff appealed the denial to the Administrative Review Board ("ARB"), who also denied the grievance on November 9, 2020.

Plaintiff also submitted a grievance dated February 25, 2020, in which he described a letter from his uncle that was returned with the notation "return to sender labels not allowed" (*Id.*, p. 21). The warden denied the grievance on April 27, 2020 and the ARB denied this grievance on December 21, 2020 (*Id.*, pp. 19-20).

On April 24, 2020, Plaintiff submitted a grievance regarding a letter dated April 20, 2020 that was returned to the sender because there were labels on the envelope (*Id.*, p. 18). The warden denied the grievance on May 20, 2020 and the ARB denied the grievance on January 22, 2021. (*Id.*, pp. 16, 17).

## Legal Standards

### *Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

### *Exhaustion Requirements*

Under the PLRA, a prisoner must exhaust his administrative remedies before he files suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident or problem to his or her institutional counselor, unless certain discrete issues are being grieved.  20 ILL. ADMIN. CODE § 504.810(a).  The grievance must contain the following:

> …. factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.870(b).

If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances."  *Id*. §504.830(e).  The CAO then advises the inmate of a decision on the grievance.  *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision.  *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006).  The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal "when reasonably feasible under the circumstances."  20 ILL. ADMIN. CODE § 504.850(d) and (e).  Inmates who intend to file suit are required to follow all steps and instructions in the grievance process before filing with the Court in order to "[allow prisons] to address complaints about the program [they administer] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and

[improve] litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).

**Analysis**

An inmate cannot sue first and then exhaust his remedies.  *Ford v. Johnson*, 362 F.3d 395, 398-400 (7th Cir. 2004).   Plaintiff filed this lawsuit on February 13, 2020.   At that time, he had not received a response to his January 13, 2020 grievance from the warden at Lawrence.[1] Plaintiff contends that he was not required to fully exhaust the January 13, 2020 grievance before filing suit because it took the ARB more than six months to respond to the grievance.   This argument fails because Plaintiff filed suit on February 13, 2020-before he had even received a response from the warden.   Moreover, while inmates do not have to wait indefinitely for the ARB to respond to their appeals, the ARB is also not required to respond within six months if it is not feasible.   *See id*. In this instance, the ARB responded within seven months of receiving Plaintiff's appeal (Doc. 29, p. 25).

Plaintiff also contends that he was not required to fully exhaust his grievance related to Count II until his Amended Complaint was filed on December 2, 2020.   The Court acknowledges that when an inmate amends his complaint to raise a new claim, the inmate may proceed if he exhausted his administrative remedies after filing his original complaint, but prior to "the filing of the amended complaint."   *Barnes v. Briley*, 420 F.3d 673,  678 (7th Cir. 2005).   However, this argument is not helpful to Plaintiff because his original complaint contained allegations regarding the envelope labels prohibition, so Count II of the Amended Complaint was not a new claim.[2]

---

[1] Obviously, Plaintiff's February 25, 2020 and April 20, 2020 grievances were also submitted after he filed suit.
[2] Even if Count II was a new claim in the Amended Complaint, the Court would consider August 14, 2020 as the date by which Plaintiff had to have fully exhausted a grievance regarding the Count II allegations because August 14, 2020 was the date Plaintiff submitted the Amended Complaint to the Court (along with a motion for leave). *Chencinski v. Myers, et al.,* Case No. 19-cv-745-RJD, p. 6 (S.D. Ill., Mar. 2, 2022).*Daniels v. Lawrence, et al.*, Case No. 20-cv-96-

*Chambers*, 956 F.3d at 984.

Because Plaintiff failed to exhaust his administrative remedies regarding Count II prior to filing suit, Defendants' Motion for Summary Judgment (Doc. 28) is GRANTED.  Count II is dismissed without prejudice.   The Clerk of Court is directed to enter judgment accordingly at the conclusion of the case.

**IT IS SO ORDERED.**

**DATED:   March 3, 2022**

            *s/ Reona J. Daly*
            **Hon. Reona J. Daly**
            **United States Magistrate Judge**

---

DWD, 2022 WL 562603, *4 (S.D. Ill. Feb. 24, 2022);  *Belk v. Watson, et al.*, 19-cv-499-JPG, 2021 WL 2292573, *5 (S.D. Ill. Jun. 4, 2021);   *Getty v. Santos*, Case No. 18-cv-1134-MAB, 2020 WL 2832465, *6 (S.D. Ill., May 31, 2020).