IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NEIL LOFQUIST, M04121, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20-cv-169- RJD |
| HEATHER CECIL and DEE DEE BROOKHART, | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, an inmate of the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. §1983 (Doc. 1). Plaintiff alleges that starting in May 2019, Defendants violated his First Amendment rights at Lawrence Correctional Center by depriving him of incoming books/publications that were rejected based on the nature of their packing and/or mailing labels and or the presence of a "foreign substance" (Docs. 12, 13). Plaintiff also alleges that Defendants lost or failed to deliver his annuity checks from Pacific Life Insurance Company and delayed his receipt of the annuity funds (*Id*.). This matter comes before the Court on Plaintiff's Motion to Compel Defendant Cecil's answers to Interrogatories (Doc. 58). Defendant Cecil was a mailroom supervisor at Lawrence during the relevant time period. She responded to Plaintiff's Motion to Compel (Doc. 59).

Plaintiff sent Defendant Cecil Interrogatories pursuant to Federal Rule of Civil Procedure 33 on March 14, 2022. On April 23, 2022, Defendant Cecil provided responses subject to certain objections on April 23, 2022. Plaintiff asks the Court to compel further answers to three of those

Interrogatories (#6, #7, #9).

**Interrogatory #6: Provide all communications made between Cecil and Menard Correctional Center's mailroom staff specifically related to Plaintiff after October 4, 2018, to include communications through Cecil's staff and agents.**

Defendant Cecil objected to this Interrogatory, noting that Plaintiff's lawsuit involves the conduct of mailroom staff at Lawrence Correctional Center ("Lawrence"), not Menard Correctional Center (where Plaintiff resided prior to Lawrence). Plaintiff explains that he believes Defendant Cecil's alleged actions at Lawrence may have something to do with a previous lawsuit he settled regarding the mailroom at Menard Correctional Center. While Plaintiff's relevancy explanation is somewhat vague, the information he is seeking is discoverable. If Defendant Cecil recalls communicating (or directing others to communicate on her behalf) with Menard Correctional Center staff regarding Plaintiff, then she should answer her Interrogatory accordingly. If she does not recall communicating with Menard Correctional Center staff (or directing others to communicate on her behalf) regarding Plaintiff, then she should likewise tell him that. Instead, Defendant Cecil answered the Interrogatory subject to her relevancy objection, stating "I am not aware of any communications between myself and the mailroom staff at Menard Correctional Center regarding Plaintiff." The Court does not know what Defendant Cecil means by "not aware" of communications involving herself and therefore cannot expect Plaintiff to understand her answer. Defendant Cecil SHALL provide a supplemental response to Interrogatory #6.

**Interrogatory #7: Provide Lawrence's and its mailroom's policy in effect October 4, 2018 through July 22, 2021 regarding incoming packages. If policy had changed after October 4, 2018, provide such changes with reasons for change. Provide the rationale behind mailroom's election to not just transfer questionable package's contents to another container, such as a garbage bag or by itself to be delivered to Plaintiff.**

Defendant Cecil objected that this Interrogatory is not relevant, but then provided Plaintiff

with Lawrence's institutional directive on "mailroom" procedure.  Plaintiff explains the relevancy by directing the Court to his Complaint, where he alleged that his aunt and uncle sent him a cardboard box of books that was returned to them by Lawrence with the message "diamond dust padded envelopes and carboard boxes will not be accepted."  Doc. 1, p. 68.  It appears that Plaintiff is asking Defendant to explain why the contents of the packages sent to him by his relatives could not be opened by mailroom staff, taken out of a questionable package, placed in a garbage bag, and given to Plaintiff.  If Defendant Cecil knows the rationale behind this policy, she should explain it to Plaintiff.  If Defendant Cecil knows whether Lawrence's mailroom procedure directive changed after October 4, 2018 and why the change occurred, she should explain it.  The information Plaintiff is seeking is discoverable.  Defendant Cecil SHALL supplement her response to Interrogatory #7.

**Interrogatory #9:   Provide Lawrence's and its mailroom's policy in effect October 4, 2018 through July 22, 2021 regarding the receipt, who may handle, and processing of a business check (not a money order) from a S&P 500 Life Insurance Company. State the maximum business days a check from a S&P 500 Company with $9.5 billion in revenues must be held to ensure that its check will "clear the bank."**

Defendant Cecil pointed Plaintiff to Lawrence's institutional directive on mailroom procedures, which includes procedures for checks received at Lawrence.  She also stated that she would "contact the Business Office at Lawrence and may supplement this response with relevant policies and/or procedures."  More than a year has passed since Defendant Cecil received Plaintiff's Interrogatories asking for this information; the time has now come for her to state whether she obtained relevant policies and/or procedures from the Business Office at Lawrence. Defendant Cecil SHALL provide a supplemental response to this Interrogatory.

## CONCLUSION

Plaintiff's Motion to Compel is GRANTED.   On or before May 2, 2023, Defendant Cecil

shall supplement her responses to Interrogatories #6, #7, and #9.

**IT IS SO ORDERED.**

**DATED:   April 18, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**