IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NEIL LOFQUIST, M04121, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 20-cv-169- RJD |
| | ) |
| HEATHER CECIL and DEE DEE BROOKHART, | ) ) |
| | ) |
|     Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, an inmate of the Illinois Department of Corrections, filed this lawsuit pro se and pursuant to 42 U.S.C. §1983 (Doc. 1). Plaintiff alleges that starting in May 2019, Defendants violated his First Amendment rights at Lawrence Correctional Center by depriving him of incoming books/publications that were rejected based on the nature of their packing and/or mailing labels and or the presence of a "foreign substance." Docs. 12, 13. Plaintiff also alleges that Defendants lost or failed to deliver his annuity checks from Pacific Life Insurance Company and delayed his receipt of the annuity funds. *Id*. The parties conducted discovery and Plaintiff's claims survived Defendant Brookhart's summary judgment motion. Doc. 69. This matter now comes before the Court on multiple motions filed by Plaintiff.

First, Plaintiff filed a "Motion for Status" prior to the Court ruling on his summary judgment motion in which he asked the Court to "recognize unresolved genuine issues of material fact and will support a decision in Plaintiff's persevering favor." The Court has since denied Defendant Brookhart's Motion for Summary Judgment and the Motion for Status (Doc. 68) is

therefore denied as moot.

Plaintiff also filed a "Motion for Recruitment of Counsel and/or Appointment of Mediator for Settlement Conference." Doc. 72. After the Court denied Defendant's summary judgment motion, the undersigned set this matter for a settlement conference and at the beginning of the conference, asked the parties if they were willing to participate. Docs. 70 and 73. Plaintiff stated that he was not interested in participating. Doc. 73. After speaking with Plaintiff briefly to make sure he understood the procedural posture of the case, and to make certain that he was not interested in participating in the settlement conference with the undersigned acting as the mediator, the undersigned cancelled the settlement conference. The Court entered a minute entry that included the statement "Plaintiff declined to participate in the settlement conference." Doc. 73.

Plaintiff then filed a "Motion to Object," claiming that "this accusation" (that he declined to participate in the settlement conference) "could not be further from the truth." Doc. 74. To the extent Plaintiff is not already aware, Federal Rule of Civil Procedure 11 applies to him as a pro se party. Every time he files a motion or any other pleading with the Court, he is certifying that to the best of his belief the statements in his motion or pleading are not being presented for any improper purpose. Fed. R. Civ. P. 11(b). Plaintiff made it clear to the undersigned that he did not want to participate in a settlement conference on April 23, 2024. If he would now like to pursue a potential settlement with Defendants, he is welcome to do so on his own. Plaintiff's "Motion to Object" is DENIED.

Regarding Plaintiff's Motion for Recruitment of Counsel, there is no constitutional or statutory right to counsel in civil cases. *Thomas v. Wardell*, 951 F.3d 854, 859 (7th Cir. 2020). Plaintiff is not proceeding in forma pauperis nor has he attempted to obtain his own counsel and therefore the Court cannot recruit him an attorney pursuant to 28 U.S.C. §1915. *Pruitt v. Mote*,

503 F.3d 647, 654 (7th Cir. 2007). Moreover, Plaintiff has consistently exhibited his ability to follow the Court's Orders, meet deadlines, and present evidence and coherent arguments to support his claims. The issues to be resolved at trial are not complex, but trial will move at a rapid pace and Plaintiff will undoubtedly benefit from guidance on procedural and evidentiary issues. Therefore, pursuant to the Court's inherent authority to efficiently control its docket, the Court recruits Attorney Gregory R. Jones of the Holland Law Firm to serve as STANDBY COUNSEL only for Plaintiff. Attorney Jones shall perform the following duties:

- Attend the final pretrial conference and trial;
- Explain courtroom procedure and rules to Plaintiff;
- Track exhibits admitted into evidence;
- Explain relevant legal concepts;
- At Plaintiff's request, provide opinions regarding trial strategy and potential objections;
- Appear at sidebar (with or without Plaintiff at the Court's discretion); and
- Perform any other reasonable case-related actions at the Court's instruction.

Attorney Jones shall NOT perform the following:

- Give opening statement or closing argument;
- Speak for or make arguments on behalf of Plaintiff;
- Direct or cross-examine witnesses;
- Make objections or motions during trial;
- Prepare and/or file any written motion or pleading on behalf of

- Plaintiff;

- Speak for Plaintiff in the presence of the jury; and

- Communicate with the Court outside the presence or knowledge of Plaintiff.

The Clerk of Court is directed to send a copy of this Order to Attorney Jones. Attorney Jones shall enter his appearance on or before May 21, 2024.

Final pretrial conference set for Augus 13, 2024 at 10:00 a.m. at the Benton Courthouse before Magistrate Judge Reona J. Daly. Jury trial set for August 27, 2024 at 9:00 A.M. at the Benton Courthouse before Magistrate Judge Reona J. Daly. The Clerk of Court is directed to enter a writ to secure Plaintiff's presence for these court settings. If any party has a conflict with these dates, he/she shall file a motion as soon as practicable.

Finally, Plaintiff filed a motion to vacate a judgment in a previously dismissed case, *Lofquist v. Gimber*, 18-cv-1305-NJR. The undersigned is not the presiding judge in that case and has no authority to enter such an Order. Plaintiff's Motion to Vacate (Doc. 75) is DENIED.

**IT IS SO ORDERED.**

**DATED: May 7, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**