IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NEIL LOFQUIST, M04121, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. 20-cv-169 RJD |
| HEATHER CECIL and DEE DEE BROOKHART, | ) ) ) ) |
|     Defendants. | ) ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is set for final pretrial conference on August 13, 2024 and jury trial on August 27, 2024. Currently pending are several motions filed by Plaintiff.

First, Plaintiff asks the Court to continue the trial for 90 days so that he can find counsel. Doc. 84. Plaintiff previously litigated this case pro se; after Plaintiff's case survived Defendant Brookhart's summary judgment motion, the Court appointed him standby trial counsel. Doc. 77. In his current motion, Plaintiff claims that standby trial counsel's assignment is "hollow" and that the Court has instructed counsel "not to aid Plaintiff." This characterization of the Court's appointment of Attorney Gregory Jones as standby trial counsel is incorrect. Attorney Jones will be present to assist Plaintiff at the final pretrial conference and jury trial and, as previously explained, Attorney Jones may, *inter alia*, explain courtroom procedure, rules, and relevant legal concepts to Plaintiff, track the admission of exhibits, and (at Plaintiff's request) provide opinions regarding trial strategy and potential objections. Doc. 77, p. 3. The Court remains satisfied that the appointment of standby trial counsel is appropriate for this case. Prior to Attorney Jones'

appointment, Plaintiff exhibited his ability to present evidence and coherent arguments to support his claims. Moreover, the issues to be resolved at trial (whether Defendants restricted Plaintiff's access to mail in violation of his First Amendment rights) are not complex. Accordingly, Plaintiff's efforts to obtain counsel-after this case has been pending for more than four years-do not constitute good cause for delaying trial. Plaintiff's Motion for 90-Day Extension (Doc. 84) is DENIED.

Three months ago, the Court provided an Order to the parties that contained all pretrial deadlines. Doc. 78. Defendants filed Motions in Limine and submitted a proposed final pretrial order to the Court. Plaintiff's "Motion for a Question to the Court" (Doc. 85) asks whether he was supposed to also submit a proposed final pretrial order and motions in limine. The Court grants Plaintiff's Motion for a Question to the Court and advises him that he was not required to submit motions in limine. Because counsel for Defendants provided a sufficient proposed final pretrial Order, it is not necessary for Plaintiff to also submit one.

Finally, Plaintiff asks the undersigned to recuse herself from this case. Doc. 86. Plaintiff's motion fails to identify a sufficient basis for recusal. *See* 28 U.S.C. § 144; 28 U.S.C. § 455 (a), (b). He disagrees with the undersigned's decision to appoint him standby trial counsel but does not assert a set of facts supporting a conclusion of bias or personal prejudice. *Liteky*, 510 U.S. at 555 ("judicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion"). Accordingly, the motion (Doc. 86) is denied.[1]

**IT IS SO ORDERED.**

---

[1] "Motions for recusal are properly addressed only to the judge who is the object of the motion." Martin-Trigona v. Gouletas, 634 F. 2d 354, 355 n. 1 (7th Cir. 1980) (citing 28 U.S.C. §455). See also Liteky v. United States, 510 U.S. 540, 548 (1994) (noting that Section 455 "place [s] the obligation to identify the existence of [grounds for recusal] upon the judge himself"). It is appropriate for the undersigned to rule on the pending motion.

**DATED: August 12, 2024**

*s/ Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**